UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ESSLINGER, | ) | Case No. CV 05-2672-OP |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION; ORDER |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Court[2] now rules as follows with respect to the three issues listed in the Joint Stipulation ("JS").[3]

**I.**

---

[1] Michael J. Astrue, who was sworn in as the Commissioner of the Social Security Administration on February 12, 2007, is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[3] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the ALJ failed to provide clear and convincing reasons to reject the mental limitations assessed by the consultative examiner;
2. Whether the ALJ erred in finding that Plaintiff could perform his past work; and
3. Whether the ALJ erred in failing to address the lay witness statements of the intake professional at Social Security.

(JS at 4.)

The parties apparently are in agreement that the matter should be remanded. Where they disagree, however, is whether the matter should be remanded for payment of benefits, or for further development of the record.

**II.**

**SUMMARY OF THE CASE**

The Court adopts the parties' summary of the case as set forth in the JS:

> On April 9, 2001, John Esslinger filed a claim for a period of Disability and Disability Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. A.R. 88-90. Mr. Esslinger alleged disability from September 30, 2000, due to back pain. A.R. 105. The Administration denied the applications at the initial and reconsideration stage and informed Mr. Esslinger to file a request for hearing if he disagreed with the decision. A.R. 38. On May 31, 2002, Mr. Esslinger filed a request for a hearing before an administrative law judge (ALJ). A.R. 60. On October 8, 2003, the Appeals Council remanded the case due to errors in the ALJ's decision. A.R. 77-78. The Appeals Council stated that the ALJ failed to provide rationale for

rejecting the consultating psychologist's opinion. The Appeals Council also stated that it was not apparent whether Mr. Esslinger could perform his past work with the upper extremity limitations assessed by the ALJ. The Appeals Council stated that at the new hearing the ALJ "will obtain evidence from a vocational expert to determine whether or not the claimant can perform his part relevant work or other jobs which exist in significant numbers in the national economy." A.R. 78.

The ALJ hearing the matter determined that Mr. Esslinger had not engaged in substantial gainful activity since his alleged onset date. A.R. 46. The ALJ found that Mr. Esslinger suffered from the severe impairments of degenerative disk disease and degenerative arthritis of the lumbosacral spine, possible posttraumatic arthritis of the acromioclavicular joint of the left shoulder, and a possible rotator cuff injury. *Id.* [The Court notes that the ALJ also found that Mr. Esslniger had a "mild to moderate organic mental disorder."] *Id.* The ALJ found Mr. Esslinger not credible. *Id.* The ALJ determined that Mr. Esslinger retained the residual functional capacity for medium work with occasional posturals. *Id.* The ALJ determined that with the above residual functional capacity that M[r]. Esslinger could return to his past relevant work as a truck driver. *Id.*

Dissatisfied with the ALJ's decision, Mr. Esslinger sought review with the Appeals Council. A.R. 14. On February 18, 2005, the Appeals Council denied M[r]. Esslinger's appeal. A.R. 6. Mr. Esslinger subsequently filed a complaint with the United States District Court for the Central District of California.

(JS at 2-3.)

**III.**

## STANDARD OF REVIEW

The law is well established that remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

## IV.

## DISCUSSION

**A.  Whether the ALJ Failed to Provide Clear and Convincing Reasons to Reject the Mental Limitations Assessed by the Consultative Examiner.**

Plaintiff contends the ALJ erred in failing to provide clear and convincing reasons for rejecting the finding of the consulting examiner, Dr. Margaret Donohue, that Plaintiff had significant mental limitations due to multiple head injuries. (JS at 4.) He contends that the Court should credit the limitations assessed by the consulting examiner and award the benefits sought. (Id. at 4-5.) Although the Court believes the ALJ's reasons for rejecting Dr. Donohue's opinion were at least clear, and possibly convincing (see AR at 23), Defendant apparently concedes that it nevertheless would be beneficial to further develop the record on this issue.

Although the Court notes Plaintiff's frustration with the ALJ's failure to follow explicit instructions from the Appeals Council on a prior remand, the Court agrees with Defendant that remand for further development of the record on the issue of the effect of Plaintiff's mental organic impairment on his ability to perform work-related activities is the appropriate remedy in this matter.

B.   **<u>Whether the ALJ Erred in Finding that Plaintiff Could Perform His Past Work</u>.**

In addition to the effects of Plaintiff's mental impairments, also at issue is whether Plaintiff's upper extremity limitations (postraumatic arthritis in his left shoulder, and rotator cuff injury) prevent him from being able to perform his past work as a truck driver. (JS at 13.) In this respect, the ALJ based his residual functional capacity finding on the opinion of Dr. Payam Vahedifar, who specifically stated that Plaintiff could drive an automobile. (AR at 25, 169.) Defendant concedes, therefore, that to the extent there may be an issue "as to whether an individual who can drive an automobile can also drive a truck," the matter should be remanded for further development of the record.

On prior remand, the ALJ failed to have a new vocational expert available despite the direct order of the Appeals Council. (JS at 9.) Instead, the ALJ simply used the vocational expert testimony from the prior hearing. (<u>Id.</u> at 9-10.)

Thus, on remand, the ALJ shall consider the effect of Plaintiff's organic mental impairment, and his upper extremity limitations (in addition to any other impairments, including, but not limited to, the finding of degenerative arthritis of his lumbar spine), on Plaintiff's ability to perform basic work–related activities. The ALJ shall obtain evidence from a new vocational expert to determine whether or not Plaintiff can perform his past relevant work or jobs which exist in significant numbers in the national economy.

C.   **<u>Whether the ALJ Erred in Failing to Address the Lay Witness Statements of the Intake Professional at Social Security</u>.**

Plaintiff claims the ALJ improperly failed to offer any reason for rejecting the lay witness testimony of the intake professional at Social Security who noted that Plaintiff had poor concentration, was hyperactive, displayed rapid speech, and was twitching. (JS at 15; AR at 149.) Plaintiff contends the statements were consistent with the limitations asserted by the consulting examiner and further

5

support the assessed limitations; as such, they were highly relevant in determining the amount of weight to afford the opinion of the consultative examiner. (Id. at 15-16.) Defendant claims that the omission was harmless because the witness's statements were merely corroborative of other evidence in the record, and the omission can be corrected on remand. (Id.)

The Court agrees any error was harmless. On remand, however, the ALJ should provide specific and legitimate reasons should he or she reject those statements.

## V.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

DATED: March 24, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge